**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GERSON ECHEVERRIA, | No. 12-71336 |
| Petitioner, | Agency No. A095-750-694 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 23, 2014[**]

Before:      W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

Gerson Echeverria, a native and citizen of Guatemala, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").  We have

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we deny the petition for review.

Echeverria does not raise any challenge to the agency's dispositive finding that his asylum application is time-barred.  *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1998).  Thus, we deny the petition as to Echeverria's asylum claim.

Substantial evidence supports the BIA's finding that Echeverria failed to establish it is more likely than not he will suffer persecution on account of a protected ground.  *See Zetino v. Holder*, 622 F.3d 1007, 1015-1016 (9th Cir. 2010); *see also Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) (the REAL ID Act "requires that a protected ground represent 'one central reason' for an asylum applicant's persecution").  Thus, Echeverria's withholding of removal claim fails.

Substantial evidence also supports the BIA's denial of CAT relief because Echeverria failed to establish it is more likely than not he would be tortured if returned to Guatemala.  *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011).  We reject Echeverria's contention that the agency did not consider all the evidence relevant to his CAT claim.

**PETITION FOR REVIEW DENIED.**

12-71336